# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN District of Texas

Case Number: 3:18-CV-00865-B

Plaintiff:
**HOMEVESTORS OF AMERICA INC.**

vs.

Defendant:
**BIG STATE HOME BUYERS LLC, ET AL**

Received these papers on the 4th day of June, 2018 at 10:30 am to be served on **DARYL EDWARD BARNES, 11200 BROADWAY STREET, SUITE 2101, PEARLAND, BRAZORIA COUNTY, TX 77584**.

I, GILLIAN MOBERG, being duly sworn, depose and say that on the **7th day of June, 2018** at **6:25 pm**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION with APPENDIX A** with the date and hour of service endorsed thereon by me, to: **DARYL EDWARD BARNES** at the address of: **11200 BROADWAY STREET, SUITE 2101, PEARLAND, BRAZORIA COUNTY, TX 77584**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: Black, Height: 5'10", Weight: 170, Hair: Bald, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 8th day of June, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

**GILLIAN MOBERG**
SCH12331 EXP 10/31/19

Our Job Serial Number: DTI-2018001027
Ref: 1550169



Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1i

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| HomeVestors of America Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:18-cv-00865-B |
| Big State Home Buyers LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                            Daryl Edward Barnes

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A

| Place: Continental Court Reports<br>5300 Memorial Drive, Suite 250<br>Houston, Texas 77007 | Date and Time:<br>06/14/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/01/2018

                    *CLERK OF COURT*
                                                    OR    /s/ signature
        _____                  _____
        *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   HomeVestors of America, Inc.                                                        , who issues or requests this subpoena, are:

Darin M. Klemchuk, Klemchuk LLP, 8150 N Central Expy, 10th Fl, Dallas, TX 75206 darin.klemchuk.com, 214-367-6006

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-00865-B

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

\*\*\*SEE ATTACHED\*\*\*AFFIDAVIT\*\*\*

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

\*\*\*SEE ATTACHED\*\*\*AFFIDAVIT\*\*\*
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

### REQUESTS FOR PRODUCTION OF DOCUMENTS TO DARYL EDWARD BARNES

**REQUEST FOR PRODUCTION NO. 1:** Produce all communications between you or any company owned by you and Brian Spitz or anyone on behalf of Brian Spitz, from June 13, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 2:** Produce all communications between you or any company owned by you and Big State Home Buyers, LLC ("Big State") or anyone on behalf of Big State, from June 13, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 3:** Produce all agreements between you and Brian Spitz or anyone acting on behalf of Brian Spitz, either created or otherwise in effect from June 13, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 4:** Produce all agreements between you or any company owned by you and Big State, or anyone acting on behalf of Big State, either created or otherwise in effect from June 13, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 5:** Produce all records in your possession, custody or control related to or otherwise referencing pay-per-click or keywords advertising you facilitated on behalf of Brian Spitz or Big State.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents and communications concerning, describing, or identifying any information related to Brian Spitz or Big State Homebuyers, LLC's ("Big State") advertising, SEO, pay-per-click, and advertising account strategies from June 13, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents and communications concerning Big State's listing of the terms "we buy ugly houses," "we buy ugly homes," "HomeVestors," "Ugly House(s)" and "Ugly Home(s)" as keywords or negative keywords in all keyword advertising from June 13, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications referring to HomeVestors, any agreement with HomeVestors, or the mark "We Buy Ugly Houses."