UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| HOMEVESTORS OF AMERICA INC., | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-cv-0865-B |
| BIG STATE HOMEBUYERS, L.L.C., and BRIAN SPITZ, | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff HomeVestors of America, Inc.'s Motion to Remand. Doc. 7. After considering the Motion and the related briefing, the Court **GRANTS** the Motion and **REMANDS** this case.

I.

BACKGROUND[1]

This is a breach-of-contract case. In 2014, Plaintiff HomeVestors of America, Inc. (HomeVestors) and Defendants Brian Spitz and his company Big State Homebuyers L.L.C. (Big State) entered into a settlement agreement (Agreement) regarding Defendants' alleged unauthorized use of HomeVestors' federally registered trademarks. Doc. 1-2, Original Pet., ¶¶ 12, 14–15. In the Agreement, Big State and Spitz agreed to "permanently refrain" from using any of HomeVestors'

---

[1] This factual history is drawn from the plaintiff's state-court pleadings pending at the time of removal and from the parties' briefing on the Motion to Remand. Any disputed fact is noted as the contention of a particular party.

- 1 -

trademarks in connection with its goods and services. *Id.* ¶ 16. Big State and Spitz also agreed to list several terms including and similar to HomeVestors' trademarks as negative keywords in its online advertising accounts. *Id.* Doing so ensured that Big State's ads would not appear in results for any search containing those keywords.

HomeVestors claims that Defendants breached the Agreement in 2014 and 2015. *Id.* ¶ 17–18. HomeVestors does not specify how Defendants breached the agreement but states that in response to its demand letters concerning the breaches, "Spitz and Big State removed content." *Id.* HomeVestors claims that Defendants breached the Agreement again in 2017 because "Big State's website was showing up in pay-per-click advertising for internet searches with the keywords 'we buy ugly houses.'" *Id.* ¶ 19. This time, HomeVestors filed suit, alleging that Defendants breached the Agreement and seeking an accounting of profits, liquidated damages as specified in the Agreement, and attorney's fees. *Id.* ¶¶ 21–26, 28–34.

HomeVestors filed suit in state court, but Big State and Spitz immediately removed the case to this Court on the basis of federal-question and supplemental jurisdiction. Doc. 1, Notice of Removal. HomeVestors filed a Motion to Remand on May 9, 2018, Doc. 7, which is now ripe for review.

## II.

## LEGAL STANDARD

Because "federal courts are courts of limited jurisdiction," district courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In this case, the parties seeking a federal forum are Big State and Spitz.

28 U.S.C. § 1441(a) allows a defendant to remove any civil action to federal court if that action falls within the district court's original jurisdiction. This case was removed on the basis of federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. A district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The most direct way a case arises under federal law is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). But there is a backdoor to federal court reserved for a "special and small" group of state-law claims. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

But regardless of how a removing defendant wants to enter federal court, courts must employ the well-pleaded complaint rule to determine whether federal-question jurisdiction exists. *PlainsCapital Bank v. Rogers*, No. 16-41654, 2017 WL 4838393, at *3 (5th Cir. Oct. 25, 2017) (per curiam). Under the well-pleaded complaint rule, "district court[s] must look to the way the complaint is drawn to see if it . . . claim[s] a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). Put another way, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This means that the plaintiff must ensure that her claims rely exclusively on state law to remain in state court. *Id*. This ability makes the plaintiff "the master of the claim." *Id*.

# III.

# ANALYSIS

Big State and Spitz claim that the Court has federal-question jurisdiction over this case because HomeVestors' breach-of-contract claim necessarily raises a federal issue and because HomeVestors' request for an accounting of profits is a remedy available exclusively under federal law. Doc. 1, Notice of Removal, ¶¶ 5–6. The Court will consider each of Defendants' arguments in turn.

A. *HomeVestors' Breach-of-Contract Claim*

Big State and Sptiz argue that the Court has federal-question jurisdiction over HomeVestors' state-law breach-of-contract claim because the subject of the breach is federal trademark infringement. Doc. 1, Notice of Removal, ¶ 5. Defendants claim that because 15 U.S.C. § 1117(a) (Lanham Act) must be construed in determining whether a breach occurred, a federal question arises on the face of the complaint. *Id*. Big State and Spitz rely on *Brocato v. Angelo Brocato Ice Cream & Confectionary, Inc.*, No. Civ. A. 03-1316, 2003 WL 21715022 (E.D. La. July 22, 2003) to support their position that the Court must apply federal law to HomeVestors' case. Doc. 10, Def.'s Resp., 6. In *Brocato*, the plaintiffs sought a declaratory judgment stating that they had the right to use "Brocato" in their trade name, as well as injunctive relief prohibiting the defendant from making wrongful-use claims about the plaintiffs' use of the Brocato surname. *Id.* at *1. The court found that removal was proper and a federal issue necessarily raised because there was no substantive state law under which they could obtain the relief sought. *Id*. at *3. Instead, the only way the court could determine the plaintiffs rights was under federal trademark law. *Id*.

HomeVestors argues that *Brocato* is distinguishable because it relies on substantive state law in its complaint. Doc. 14, Pl.'s Reply, 3. Thus, because HomeVestors does not make federal

trademark infringement claims, HomeVestors argues that federal law is irrelevant in determining whether Big State and Spitz breached the Settlement Agreement. *Id.* at 2–3. Therefore, HomeVestors contends that the Court lacks federal-question jurisdiction because HomeVestors' exclusive reliance on state law means that a federal question is not presented on the face of the complaint. Doc. 7, Pl.'s Mot., 7–8.

The Court agrees that it lacks federal-question jurisdiction because a federal issue is not presented on the face of the complaint. HomeVestors is correct that "not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat'l Bank*, 299 U.S. 109, 115 (1936). As mentioned above, a federal issue must meet the four-pronged test articulated in *Gunn* for federal jurisdiction to lie. *Gunn*, 568 U.S. at 258. The first prong of the test—whether a federal issue is necessarily raised—is met when a court "must apply federal law to the facts of the plaintiff's case." *Bd. of Comm'rs of the Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co.*, 29 F. Supp. 3d 808, 853 (E.D. La. 2014). Because the Court finds HomeVestors' complaint does not raise a necessary federal issue, it need not move past the first prong of the *Gunn* test.

Unlike the plaintiffs in *Brocato*, HomeVestors bases its claim on substantive state law and seeks relief that can be awarded on the basis of that law alone.[2] HomeVestors does not assert federal trademark infringement claims, which would require the application of the Lanham Act, but instead contends that Big State and Spitz agreed to refrain from using HomeVestors' trademarks and that

---

[2] This Court has applied similar reasoning when different substantive federal laws were at issue. *See McGee v. Veterans Land Bd. of Tex.*, No. 3:17-cv-1423-B, 2018 WL 1640221, at *3 (N.D. Tex. Apr. 5, 2018) (finding a federal issue was not necessarily raised when the plaintiffs claimed breach of the deed of trust as well as violations of HUD regulations).

their subsequent use violated the Agreement. *See* Doc. 1-2, Original Pet. For HomeVestors to prevail on its breach-of-contract claim, it must establish only Big State and Spitz's use of the trademarks, not that Defendants' use constituted federal trademark infringement. Thus, because federal trademark law is not necessary to resolve HomeVestors' claim, the Court lacks federal-question jurisdiction over the claim.

B.  *HomeVestors' Request for an Accounting of Profits*

Big State and Spitz contend that the remedy sought by HomeVestors, an accounting of profits, creates federal-question jurisdiction because disgorgement of profits is a remedy available only under the Lanham Act. Doc 1, Notice of Removal, ¶ 6. Therefore, Big State and Spitz argue that HomeVestors is not proceeding on the "exclusive basis" of state law, but rather seeking a remedy that can be issued only in federal court. Doc 10, Defs.' Resp., 15. Thus, the Court's exclusive ability to issue an accounting creates federal-question jurisdiction. *Id.*

HomeVestors counters that it does not seek a disgorgement of profits. Doc. 14, Pl.'s Reply, 5. Instead, it seeks an accounting of profits, which is an available remedy under Texas contract law. *Id.* Thus, because an accounting is a remedy under Texas contract law it cannot serve as a basis for removal. *Id* at 4.

The Court agrees with HomeVestors. An accounting of profits is available under Texas contract law either as a suit in equity or, like in the present case, "as a particular remedy sought in conjunction with another cause of action." *See Sauceda v. Kerlin*, 164 S.W.3d 892, 927 (Tex. App.—Corpus Christi 2005, pet. granted, judgm't vacated) (operating on the assumption that an accounting is an available remedy for breach of contract under Texas law); *Michael v. Dyke*, 41

S.W.3d 746, 754 (Tex. App.—Corpus Christi 2001, no pet.) (abrogated on other grounds). An accounting of profits is an appropriate remedy when "the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Hutchings v. Chevron U.S.A.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied). Here, HomeVestors claims that it seeks an accounting of profits "in order to determine the proper benefit of the bargain damages." Doc. 14, Reply, 4. Thus, because the remedy HomeVestors seeks is sanctioned under Texas law, it cannot serve as a basis for federal-question jurisdiction.

C.  *Supplemental Jurisdiction*

Big State and Spitz claim that the Court has supplemental jurisdiction over all other state claims brought by HomeVestors because these actions are linked to federal trademark infringement claims and share a common nucleus of operative fact. Doc. 1, Def.'s Notice of Removal, ¶ 9. A federal court may exercise supplemental jurisdiction over all claims, including state-law claims, if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This point, however, is moot, because "without original jurisdiction, [there is] no jurisdictional hook for [the] removal" of a state action. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014). Because HomeVestors' complaint fails to satisfy the requirements for federal-question jurisdiction, the Court lacks original jurisdiction over this case; therefore, it lacks supplemental jurisdiction under 28 U.S.C. § 1367 as well. *Id*.

D.  *Attorney's Fees*

Finally, HomeVestors moves for an award of attorney's fees in connection with its Motion

to Remand under 28 U.S.C. § 1447(c). Doc. 7, Pl.'s Mot. 11–12. "Fees should only be awarded if the removing defendant[s] lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). The Court finds that Big State and Spitz had an objectively reasonable basis for seeking removal and therefore rejects this request. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

### III.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** HomeVestors' Motion to Remand. Doc. 7.

**SO ORDERED.**

**SIGNED: July 10, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE